UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

_____
TRUSTEES OF THE PLUMBERS AND           )
PIPEFITTERS NATIONAL PENSION FUND      )
103 Oronoco Street                     )
Alexandria, VA  22314                  )
                                       )
        and                            )
                                       )
TRUSTEES OF THE INTERNATIONAL          )
TRAINING FUND                          )
103 Oronoco Street                     )
Alexandria, VA  22314                  )
                                       )
        Plaintiffs,                    )
                                       )
                v.                     )   Civil Action No._____
                                       )
HIRSCH & CO. LLC                       )
25 N. Ferry Road                       )
Shelter Island, NY  11964              )
                                       )
Serve:                                 )
  Vincent Seddio, Member               )
  Hirsch & Co. LLC                     )
  25 N. Ferry Road                     )
  Shelter Island, NY  11964            )
                                       )
        Defendant.                     )
_____    )

**COMPLAINT**

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS;
TO ENJOIN VIOLATIONS OF THE TERMS OF EMPLOYEE BENEFIT
PLANS)

PARTIES

1.      Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund

(hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit

plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37).  The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 200 and the Defendant.  The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2.  Plaintiffs Trustees of the International Training Fund (hereinafter the "International Training Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37).  The International Training Fund is established and maintained by a Restated Trust Agreement and by Collective Bargaining Agreement between the United Association Local Union No. 200 and the Defendant. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

3.  Defendant Hirsch & Co. LLC is a domestic limited liability company existing under the laws of the State of New York with an office located in Shelter Island, New York.  Defendant transacts business in the State of New York as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION

4.  This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a).  This is

an action for breach of a Collective Bargaining Agreement between an employer and labor organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plans under the terms of the Collective Bargaining Agreements, and an action to enjoin the violation of the terms of employee benefit plans.

## COMMON FACTS

5. Defendant is signatory to the Collective Bargaining Agreement with United Association Local Union No. 200 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

6. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

7. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the International Training Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

8. Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

## COUNT I
## CONTRIBUTIONS TO THE NATIONAL PENSION FUND

9. Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of November 2019 and January 2020 through August 2020 on behalf of members in Local 200's jurisdiction.

10. Defendant has failed to make contributions to the National Pension Fund in the amount of $32,041.63 for the months of November 2019 and January 2020 through August 2020 pursuant to reports submitted by Defendant.

11. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the National Pension Fund.

12. Defendant is bound to the Restated Agreement and Declaration of Trust.

13. Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent. The Trustees may assess liquidated damages against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

14. Pursuant to this provision, Defendant is obligated to the National Pension Fund for liquidated damages on unreported and unpaid contributions for the months of November 2019 and January 2020 through August 2020.

15. Interest is owed on all delinquent contributions for the months of November 2019 and January 2020 through August 2020 and will continue to accrue at the rate of 12% per annum from the date due through the date of payment on all delinquent contributions.

WHEREFORE, in Count I Plaintiff National Pension Fund prays for judgment as follows:

A. In the total amount of $32,041.63 for contributions due for work performed for the months of November 2019 and January 2020 through August 2020, plus

liquidated damages, interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

    B. For liquidated damages and interest owed on all unpaid and late paid contributions for the months of November 2019 and January 2020 through August 2020 from the date due through the date of payment, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g);

    C. For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961;

    D. For such further relief as the Court may deem appropriate.

COUNT II
CONTRIBUTIONS TO THE INTERNATIONAL TRAINING FUND

    16. Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 15.

    17. Defendant has failed to make contributions due to the International Training Fund for work performed at Defendant's request for the months of January 2020 through August 2020 on behalf of members in Local 200's jurisdiction.

    18. Defendant has failed to make contributions to the International Training Fund in the amount of $1,190.40 for the months of January 2020 through August 2020 pursuant to reports submitted by Defendant.

    19. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the International Training Fund.

20. Defendant is bound to the Restated Trust Agreement establishing the International Training Fund.

21. Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer does not file a report or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer: (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest from the date due to the date of payment at a rate of twelve percent (12%) per annum; . . .

22. Pursuant to this provision, Defendant is obligated to the International Training Fund for liquidated damages on unreported and unpaid contributions for the months of January 2020 through August 2020.

23. Interest is owed on all delinquent contributions for the months of January 2020 through August 2020 and will continue to accrue at the rate of 12% per annum from the date due through the date of payment on all delinquent contributions.

WHEREFORE, Plaintiff International Training Fund prays for judgment as follows:

A. In the total amount of $1,190.40 for contributions due for work performed for the months of January 2020 through August 2020, plus liquidated damages, interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

   B. For liquidated damages and interest owed on all unpaid and late paid contributions for the months of January 2020 through August 2020 from the date due through the date of payment, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

   C. For contributions to the International Training Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

   D. For such further relief as the Court may deem appropriate.

COUNT III

   24. This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of employee benefit plans.

   25. Plaintiffs hereby adopt, incorporate and restate in Count IV paragraphs 1 through 23.

   26. Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Trust Agreement establishing the International Training Fund, agreed to make timely contributions to the National Pension Fund and the International Training Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 200 in order to maintain the plan of benefits provided through the National Pension Fund and the International Training Fund.

   27. Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund and the International Training Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund and the Restated Trust Agreement of the International Training Fund.

WHEREFORE, in Count IV Plaintiff Funds pray for judgment as follows:

A. For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B. For such further relief as the Court may deem appropriate.

Respectfully submitted,

By ___/s/_____
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.:  (202) 362-0041
Facsimile No.:   (202) 362-2640
jharney@odonoghuelaw.com


By:__/s/_____
Rebecca Richardson, Bar No. 80855
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
rrichardson@odonoghuelaw.com

342236_1

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 9th day of October, 2020 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC 20224
>
> Attention: Employee Plans
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC 20210
>
> Attention: Assistant Solicitor for
>              Plan Benefits Security

                                            ___/s/_____
                                            John R. Harney, Bar No. 41520
                                            Counsel for Plaintiff Funds
                                            O'Donoghue & O'Donoghue LLP
                                            5301 Wisconsin Ave., NW, Suite 800
                                            Washington, DC 20016
                                            Telephone No.: (202) 362-0041
                                            Facsimile No.: (202) 362-2640
                                            jharney@odonoghuelaw.com

342236_1